WALTZER, Judge.
The defendant was charged with the taking of oysters. LSA-R.S. 56:424(A). He pled not guilty and, after a judge trial, was found guilty as charged. He was sentenced to thirty days in parish prison, suspended, and placed on inactive probation with the special condition that he meet his family responsibilities and not be convicted of any criminal offense except traffic violations. He was fined $1,000.00, but the fine was sus *906 pended in lieu of a contribution to the Criminal Court Fund of $250.00. He then announced his intention to take an appeal to this court. The case was lodged in this court as an appeal on May 22, 1992.
The maximum sentence for a first offense for the crime charged is a fine of not less than $250.00 nor more than $500.00 or imprisonment for not more than ninety days or both. R.S. 56:33. Accordingly, this case is not triable by a jury. LSA-R.S. 14:2; C.Cr.P. art. 779(B). This court does not have appellate jurisdiction over this “appeal.” Louisiana Constitution of 1974, Article 5 § 10(A). In such situations, the proper procedure is to consider this “appeal” as an application for supervisory writs. State v. Banks, 444 So.2d 1243 (La.1984). We accordingly decide to exercise our supervisory jurisdiction to review this case.
ASSIGNMENT OF ERROR:
By his sole assignment of error, the defendant contends that the evidence at trial was insufficient to support his conviction. Specifically, he argues the state did not prove he was not acting as a recreational fisherman when he took the oysters in question.
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
The pertinent statutes governing this case are as follow:
LSA-R.S. 56:424(A) provides:
A. No person shall take oysters from any of the waters of the state or have such oysters in possession except in accordance with rules and regulations promulgated by the commission. The burden of proof shall be on the accused to establish that any oysters in his possession are lawfully possessed. For the purpose of this Subpart, all oysters in possession of any person in the state shall be deemed to be oysters taken from the waters of the state. Except as otherwise provided herein, the taking of oysters is prohibited in the water bottoms of the state of Louisiana.
However, LSA-R.S. 56:424(C) provides an exception to the above stated article for recreational fishermen:
C. Recreational oyster fishermen may harvest in any area otherwise open and unleased, but shall be limited to no more than two sacks a day.
This section therefore allows recreational fishermen to take up to two sacks of• oysters a day, which was the amount taken by the defendant, from open and unleased waters.
The parties stipulated the defendant took two and a half sacks of unculled oysters from the state bedding ground, that the amount of oysters was one and a half culled oysters, that Deputy Donald Sullivan saw the defendant using a scope and removing the oysters as the defendant stood in the water, that when Sullivan asked the defendant to produce a license the defendant produced a commercial license, and that when asked by Sullivan whom he was working for, the defendant replied that he was working for himself.
Deputy Sullivan testified that when he asked the defendant to produce a license, the defendant produced a commercial license and told him he was working for himself. The court asked Sullivan whether the defendant at any time told him he was taking the oysters for personal consumption. Sullivan replied that the defendant had not.
The defendant testified that he is entitled to take two sacks of oysters a day in his capacity as an angler[1] or sportfisherman. The prosecutor asked him whether he told Sullivan he was fishing recreationally and the defendant responded that Sullivan had not asked him whether he was fishing recreation-ally, he only asked him for whom he was fishing and the defendant told him he was working for himself.
*907 The trial judge found the defendant guilty on the basis that once he derived his income as a commercial fisherman, he obtained the status of a commercial fisherman and could no longer act as a recreational fisherman. LSA-R.S. 56:8(21) defines a commercial fisherman as “any person who derives income from the harvesting of living aquatic resources for commercial purposes.” There is no definition of a recreational fisherman. The trial judge reasoned that because the defendant had the status of a commercial fisherman, he could not also be a recreational fisherman. The trial judge then commented that even though the defendant may have been taking the oysters for personal consumption, that technically, though not intentionally, he was violating the statute.
Our review of the statutes which criminalize the unauthorized taking of oysters and which define the different classifications of fishermen reveals nothing which either defines recreational fishermen or indicates that a commercial fisherman may never act as a recreational fisherman. While we agree with the trial judge that the crime of unauthorized taking of oysters relies on the taker’s status and not intent, we do not agree that proof of the defendant’s status of commercial fisherman necessarily proves his non-recreational status.
The defendant stated that he was licensed as an angler. He further testified his angler’s license was effective at the time he received the citation. The prosecution presented no evidence, other than the proof of his commercial status, to prove that the defendant was not a recreational fisherman. The only way, as noted by the trial judge, that the defendant was proven not to be a recreational fisherman was the proof of him as a commercial fisherman.
It is well established that criminal statutes are to be strictly construed and, in the absence of an express legislative intent, any doubt or ambiguity is to be resolved in favor of the defendant and against the state. State v. Freeman, 411 So.2d 1068 (La.1982); See also LSA-R.S. 14:3.
As stated above, we find nothing in the statutes to indicate that once a person achieves the status of a commercial fisherman, that he may never, at any time, also fish as a recreational fisherman. This was the sole reason and finding by the trial court supporting the defendant’s conviction.
For these reasons, we reverse the conviction and sentence.
REVERSED.

. "Angle” is defined as to fish with rod, fishing pole, or hook and line, with or without a reel. R.S. 56:8(7). The defendant stated at trial that he had an angler’s license, which he seemed to indicate allows him to act as a recreational fisherman.